FRANKLIN SIMON & Co., Plaintiff, *v.* ———— FISHER, Defendant.*

Supreme Court, New York County, November 9, 1928.

---

* See, also, *Schwartzberg* v. *Weisblatt*, 133 Misc. 476.

——————— ———————, for the plaintiff.

——————— ———————, for the defendant.

BIJUR, J.   These applications are representative of a number presented for orders for the examination of judgment debtors and third parties in supplementary proceedings, the place of examination being designated as New York county and the residence of the persons to be examined being in other counties, some of them far distant from New York.   Section 292 of the Code of Procedure provided for the examination of a judgment debtor within the judicial district in which he resided.   The Code of Civil Procedure (1877–1880), by section 2459, provided that the judgment debtor, or the person to be examined, could not be compelled to attend at a place without the county wherein his residence or place of business was situated. Mr. Throop's note to this section describes it as " part of the Code of Procedure, section 292, extended, so as to apply to supplementary proceedings against a third person, who may be required, by the existing statute, to appear in any county where the judge resides."   Section 2459 of the Code of Civil Procedure was re-enacted as section 787 of the Civil Practice Act.   The limitation of the examination to the county of residence or place of business has, therefore, been in existence nearly fifty years, and, so far as I know, without serious criticism.

At the legislative session of 1928 (Laws of 1928, chap. 644) section 787 was repealed.   I have found no report referring to, nor explanatory of, that action.   On examination of the bill, however, which in the Assembly was No. 519, Int. No. 511, of January twenty-fifth, it appears that its first section provided for an amendment of section 778 of the Civil Practice Act, in large part covering examinations under executions issued out of courts other than the Supreme Court.   The amendment proposed was to that part of the section which relates particularly to judgments recovered in the Municipal Court of the city of New York, and it authorized examinations in the greater city to take place within the county in which the creditor resides or in which the judgment was entered.   The second section of the act consists merely of the provision: " Section seven hundred and eighty-seven of the Civil Practice Act is hereby repealed."   I happen to know that many members of the bar were under the impression that the repeal was only as extensive as required to permit examinations in the greater city to take place in any of its constituent counties.   I am inclined to believe that the broad general repeal was inadvertent.

Under these circumstances, as section 786 of the Civil Practice Act gives the judge who grants the order discretion as to the place

and manner of examination, and as the repeal of section 787 does not affect that discretion, I deem it the better course, in cases where it is of any moment, to exercise that discretion in accordance with the established practice of the last fifty years. Consequently I shall direct the examinations to take place within the county of residence or place of business, respectively of the judgment debtors or third parties to be examined.

Submit orders accordingly.